and this one will be via Zoom. Alright, Ms. Chen, you can hear and see us all if you like. Yes, Your Honors. Thank you, Your Honors. Good morning. Alright, great. Can we go ahead and get started? There are two types of tickets into the universe of federal jurisdiction. Ticket number one, what we know as federal caution. Ticket number two is what we know as diversity. The idea is to avoid encroaching on the state judiciary. Once you have a federal ticket, you can bring all other state issues by using supplemental jurisdiction. Like lap babies on a flight, these babies don't need their own tickets to ride for free on the lap of their parents. But what stops an adult from bringing in someone else's unrelated baby onto the flight for free? Third, appellant's third-party complaint should have been dismissed for lack of subject matter jurisdiction. It was a complaint against new third-party defendants based purely in contract law. It is silent as to domicile. Without a congressional ticket under 1331 Federal Caution or 1332 Diversity, the third-party complaint must be dismissed without prejudice. Let me ask you this. Let me ask you this, counsel. You brought the baby on the plane. You're the one who filed the third-party complaint. So if you didn't think the court had jurisdiction or could apply supplemental jurisdiction, why did you bring the third-party complaint? Why not go to where jurisdiction existed? So it's a little hard. Help me understand how you can bring a complaint, and when the court then dismisses it on the merits, you say, oh, wait, I brought this complaint, but you don't have jurisdiction, and you can't exercise supplemental jurisdiction. Help me understand that. Yes, Your Honor. Even if all passengers consented to this flight, if there is no federal ticket, the passengers must be released from this flight unmolested, dismissed without prejudice, so that they may re-board to the proper flight and re-file in the correct court, wherever that may be. It was a mistake, Your Honor, for the lower attorneys, the lower district court attorneys, to file case into federal district court. It was completely silent as to any type of federal jurisdiction. There was no allegations for diversity or a federal question. It was purely a mistake, but the court cannot accept, not accept, create jurisdiction where none exists. Counsel, let's talk about the other aspect of jurisdiction here, which is our appellate jurisdiction. I think you've backed off the idea that we have sort of ordinary appellate jurisdiction, and you're now asking us to treat this as a mandamus. So it's a little tricky when we've got intertwined jurisdictional problems, but it seems to me that if we waded into the question of the supplemental jurisdiction, we would have to reach down and evaluate the merits of the RICO claim to determine whether there was subject matter jurisdiction to start with. I'm trying to figure out why it's appropriate for us to exercise appellate jurisdiction over this case. Your Honor, under the All Writs Act, Your Honors have the ability to apply a writ of mandamus when there is an issue where jurisdiction has been exceeded. Here in this case, jurisdiction is exceeded in the supplemental jurisdiction. The district court exceeded federal jurisdiction when it applied the common nucleus test without actually applying any test. Basically, the district court allowed an unrelated baby to sit on the lap of a stranger by applying this overall test without any actual test. The Second Circuit has applied at least four different tests to determine whether there is a common nucleus, and the four tests are substantial overlap of facts, two, necessarily brought, and three, the logical dependence test, and four, the compelling needs test. Now, this is unique because the first two tests apply equally to pendant and ancillary claims, while the last two tests apply specifically to ancillary claims. An appellant is proposing that the Second Circuit apply the Stein's compelling needs test because the Stein case in 2007 is one of the first cases to reintroduce the doctrine of ancillary jurisdiction after the codification of 1367. And in that case, Stein is most similar to this case as well. So when 1367 was codified in 1990, it basically, the language was case in controversy. And all circuits, after 1367 was codified, reintroduced the concept of common nucleus of operative facts to represent case in controversy. However, the Stein court reintroduces the doctrine of ancillary jurisdiction as separate from the pendant jurisdiction because Stein court recognizes that ancillary jurisdiction was traditionally used for attorney fee disputes between a party and its attorney in the same case. For all other cases, the Stein court explains that the compelling needs test must be applied to limit the exercise of ancillary jurisdiction to only the rarest of cases. This is in accord with Ackman of 2006, also a Second Circuit case. Ackman was recognized in a recent Hamilton case, also Second Circuit last month. Hamilton came out recognizing the Ackman case that stated the substantial overlap of facts test and the necessary broad test. That's the first two tests that applies equally to any supplemental jurisdiction. Is the Ackman case in your reply brief? No, no, Your Honor. It is not. So Ackman, I'm not proposing we use the Ackman, the two tests of Ackman. Ackman came out in Hamilton last month, and I wanted to bring that up. Hamilton did something interesting. It recognized that decades of case law developed supplemental jurisdiction. And one of the cases that was the ultimate case that was referenced in Hamilton is Owen v. Kroger, which is in my opening brief, page 37. That is the logical dependence test. So before 1367 was codified, we use Owen v. Kroger, the logical dependence test, where the third-party complaint depends on the resolution of the primary lawsuit. To be clear, the district court used none of these tests at all, none. Just a broad statement that there is a common nucleus of facts because there's invoices involved, period. Such that if an appellant had multiple invoices with multiple different clients, they're all pulled into our New York district court case. And that's just a stranger lap baby right there. There's no reason to sit the baby on the lap of the RICO claim. And specifically, the district court sat the supplemented jurisdiction on the RICO claim itself because under 1367A, it's on a federal question. And the thing is, standing is an Article III question. Whether something has Article III standing to even enter our federal courts, that is a door-opening standard. You cannot even hear the case if standing is not there. And standing isn't there. We see from the recent Supreme Court case, Royal Cannon, that came out in January 2025, that when there is no federal jurisdiction, supplemented jurisdiction just cannot be exercised. So here, the second amended complaint, Your Honor, states that plaintiff has no contracts with the defendant. That the owner of the containers is another third-party entity, EGLE. And that plaintiff is a third-party future beneficiary and third-party payer of the consideration for the contract between appellant and EGLE. This is seen in the second amended complaint, paragraph 63, 88, 10, 14, 42, 44. So the RICO plaintiff has to prove that he's the intended target of the RICO claims. This standard is expressed in Holmes, U.S. Supreme Court, in 1992. Holmes states, allowing suits by those injured only indirectly would open the door to massive and complex damages litigation, which would not only burden the court, but also undermine the effectiveness of treble damages suits. And it also explains that the RICO plaintiff has standing only when there is a direct relationship between a plaintiff's injury asserted. So wouldn't the right thing for us to be reviewing be the resolution of your motion to dismiss the second amended complaint for lack of standing? Because this is what I'm saying, is that you're asking this panel to delve into a whole bunch of decisions that, did you move to dismiss the second amended complaint for lack of standing? That's not in front of us, right? Your Honor, that's one of the problems with these piecemeal appeals, right? This is why we have appellate jurisdiction limits. And so you're asking us on an appeal from the dismissal of the third party complaint to get into the details of the standing of the plaintiffs who asserted the second amended complaint, right? Isn't that what this argument is? I'm arguing three separate points, Your Honor. If the court finds that the district court exceeded its exercise of supplemental jurisdiction because it did not apply the property. No, no, I understand. But you have a second, you have another argument now that you're making about the fact that there was no subject matter jurisdiction at all here, even under the primary complaint, as opposed to the cross or the third party complaint. Yes, Your Honor. A third point of exceeding federal jurisdiction is the fact of standing, and standing. I think I understand your argument on that. Thank you. You've reserved some time for rebuttal, so we'll hear from your adversary now. Thank you. Thank you, Your Honors. Mr. Wolfram? Correct. Good morning, Your Honors. My name is Pete Wolfram. I represent Apelles Ameroway Corporation. As an initial matter, thank you for letting me appear by Zoom today. May it please the court. This appeal should be denied for two reasons, at least for two reasons. First, pardon me here. The court hit on this issue. This court lacks jurisdiction because the contested order not certified under Rule 54B or 1292B. Appellant, as the court noted, has backed off of this argument. And in her reply brief, for the first time, raised a request for unanimous relief and an argument relating to the collateral order doctrine. It's our position that these arguments are waived because they were introduced in a reply brief and we did not get a chance to respond to them. Second, the court should not consider Shen's untimely request for a writ of mandamus, again, because it's untimely. But the bottom line is that Appellant's counsel, they have not withdrawn yet. They filed a third-party complaint because they wanted Judge Broderick to consider the claims. He did consider the claims. He filed a motion to dismiss on the merits and dismissed the action. Appellant's counsel, for whatever reason, decided not to prosecute their case for 15 months. And Judge Broderick, in October of 2021, stated that our motion to dismiss would be ruled unopposed. They did not respond to that. Judge Broderick issued his ruling, I believe in December of the following year. Again, Shen never filed an appeal. And so in order to erase this mistake, or whatever it was, Appellant is now trying to take the unusual position that Judge Broderick didn't have subject matter or the lower court didn't have subject matter jurisdiction to hear her own claims. She would not be bringing this matter, of course, if Judge Broderick was in her favor. But she's left in this difficult position for her client because now that Judge Broderick dismissed the claims on the merits in the EGLE action, her current counterclaims in the primary AmeriWay case, which are, again, based on the same invoices, are barred by the doctrine of claim preclusion or res judicata. Can I ask you a question about that? You just referred to the EGLE action and the primary AmeriWay action. It looks like you're counsel for both AmeriWay and EGLE, is that right, in the district court? That's correct, Your Honor. But on appeal, I've been a little confused throughout why the appellee is AmeriWay when the third-party complaint is against EGLE. You're here, though, on behalf of AmeriWay? I'm here on behalf of EGLE, Your Honor. I believe that the – I don't know why AmeriWay was listed. There's been so many lawsuits. So just a weird docketing glitch. But you do represent both EGLE and AmeriWay, and you are speaking today on behalf of EGLE, which is the defendant to the third-party complaint, right? Correct. I'm here on behalf of EGLE, Xin Zhang, and Shai Ping Jie. Those are the named defendants in the third-party complaint. Right. That's correct. Okay. Thank you. So as the court correctly recognized, you know, it seems like appellant's argument hinges on whether AmeriWay has standing to bring the federal civil RICO claim in the primary AmeriWay action. This issue is being litigated vigorously currently. Discovery is still open. No depositions have been taken. No summary judgment motions have been filed. In fact, appellant's counsel asked Judge Broderick, after she filed this appeal, I believe, for leave to file a summary judgment motion on this very standing issue. And simultaneously, she's trying to get this court to issue a final ruling on that standing issue, which would basically be dispositive on the lower court. So the danger of piecemeal litigation and inconsistent rulings is especially clear here because Judge Broderick hasn't even reviewed the record on this issue. So that is for – and again, that's – it appears that appellant has backed off of her original argument but then raised her request for mandamus relief in her reply brief. Again, we have not had a chance to respond formally to it. But a writ of mandamus under Second Circuit law requires – it's an extraordinary remedy, of course. It requires a judicial usurpation of power or a clear abuse of discretion. Judge Broderick applied the correct test. And courts have broad discretion to apply supplemental jurisdiction. He applied the – he found a common nexus of fact between the federal claim, the federal RICO claim, and Shen's state law claims based on the invoices. So that's absolutely correct. All of the claims center on the invoices. And in fact, Shen's – I think this is her – she filed four lawsuits against either AmeriWay or EGLE, all of which are entirely predicated on these invoices. So there's indisputably a common nexus of fact, and Judge Broderick did not – there's certainly not a clear abuse of discretion here to justify the implication of a mandamus release. And finally, appellant's counsel did not touch on this issue, but she very briefly went into the collateral order doctrine in her reply, the second element of which requires an important issue that is distinct from the merits of the litigation, the separateness requirement, again, to determine whether Judge Broderick correctly exercised supplemental jurisdiction. This court would have to evaluate AmeriWay's standing in that – in the AmeriWay case, which is currently being litigated, and AmeriWay certainly does have standing. We filed a summary judgment motion, which Judge Broderick ruled was premature in February of – February 2nd of 2022, laying out AmeriWay's standing in this case. Judge Broderick said, I want to – I want the record to be complete. File your summary judgment motions after discovery closes. And that case is currently stayed pending the outcome or – this project gave us the opportunity to stay the case until this appeal has concluded. But there's simply no way that the issues are distinct here. And so with that, if the people of Congress have nothing further, I will conclude. All right. Thank you. We have your argument. Ms. Chin, you have two minutes for rebuttal. Thank you, Your Honors. The U.S. Supreme Court has stated multiple times the issue of federal jurisdiction may be raised by a party or by the court on its own initiative at any stage in a litigation. Yes, this is being raised at the appellate level. But that is how important the federal jurisdiction is. A writ of mandamus is a normal remedy for issues of access of jurisdictions. Cheney versus – When you say it's a normal remedy, it is an extraordinary remedy that's not exercised often. Isn't that correct? That is correct. It is extraordinary to any other type of cases that tries to skip the final judgment rule. However, when it comes to issues of access of jurisdiction, Cheney versus U.S. has stated that this – the writ of mandamus is the way to go. That is the normal remedy when there are issues of access of jurisdiction. Here, appellant is stating there are three issues of access of jurisdiction that needs to be addressed here and now and not later, three or four years ago. This case has been filed for five – You're asking me, what are the circumstances that warrant this being addressed now in this fashion as opposed to through the actions that are currently pending? Yes, Your Honor. So under the three prongs of Cheney's writ of mandamus, there are no other adequate means. The Stein Court, which is the Second Circuit case in 2007, stated that there's no adequate means of relief when the complexity of facts would require extensive discovery on both the main and ancillary matter leading to extensive weight before an appellant can appeal from final judgment. So here on our case, this case has been pending for five years. Discovery was assigned to a separate discovery magistrate. Discovery was so complex that it was stayed. It was stayed indefinitely. The whole case was stayed indefinitely before this appeal, and it was just pending in the court because of the – How does the length of time that this case has been proceeding factor into the question of whether or not it can be appropriately resolved in those proceedings? In other words, how does that support – I understand that it's been apparently a lengthy process, as are many cases, but how does that support your argument that this is appropriate for mandamus? Yes, so under the no adequate means, that would fit into the Stein standard that there's no adequate means because it's complexity of facts. But on top of that, the statute of limitations, the state statute of limitations, is not told by 1367D when it has been dismissed. There is no tolling statute or U.S. Supreme Court or state Supreme Court ruling that says after the appeal is over that it will continue to toll the state statute of limitations until final – Can you file it now in state court? I did, Your Honor. Okay, so – I filed it in state court, and it was removed by the Republican Party to federal jurisdiction, and then it ended back up in New York District Court to the same exact judge. But that's not a statute of limitations problem then. That's an inconvenient-for-you problem perhaps, but it's not a statute of limitations problem. If you were able to refile it, what you're asking us to do is dismiss it without prejudice on the basis of a lack of subject matter jurisdiction. The benefit of that to your client is allowing it to be refiled in state court. You're telling us you did that already. So why is the statute of limitations a problem then? It's not being allowed to be filed at state court because the opposing party is stating res judicata. This third-party complaint was dismissed on the prejudice, and so the other side is litigating res judicata at this time. If we do not overturn this dismissal on the merits, the destiny, the future of these third-party complaints they claim is basically the expiration of the statute of limitations. It's just a matter of time. All right. I think we have your argument. Thank you very much. Thank you to both of you. We'll take this case under advisement. Thank you.